IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RUDOLPH SHAWN GAGUSKI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO: 5:13-CV-97-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| WARDEN CARL HUMPHREY, *et. al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Presently pending before the court is Defendants' Motion to Dismiss. (ECF No. 24.) For the following reasons, the Court recommends that Defendants' motion be granted.

## BACKGROUND

On March 18, 2013, Plaintiff, a state prisoner currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed this action under 42 U.S.C. § 1983.[1] In his filings, Plaintiff states that while he was incarcerated at Georgia Diagnostic and Classification Prison (GDCP), Defendants Fowlkes and Cocking failed to provide him medical care for a serious brain injury and needed mental health medication, in violation

---

[1] Plaintiff's original Complaint ("Compl.") (ECF No. 1) was not on the proper § 1983 complaint form. Plaintiff then filed, on April 18, 2013, a "Motion to Support and to Enter Important Facts" ("Suppl. Compl.") (ECF No. 6), which the Court construes as a supplement to Plaintiff's original Complaint. The Court ordered Plaintiff to recast his complaint on the proper form (ECF No. 4), which he filed on June 20, 2013 ("1983 Compl.") (ECF No. 9). Given the brevity of the allegations that Plaintiff included in that filing, the Court will review the allegations contained in all three of these pleadings in considering Defendants' motion to dismiss.

of his constitutional rights.  (Compl. 2.)   Plaintiff asserts that Defendant Cocking promised him an appointment with a psychiatrist, but never followed through on that promise.  (*Id*. at 3.)  Plaintiff seeks declaratory relief, injunctive relief, and monetary damages.  (*Id.* at 5.)

Defendants argue that Plaintiff's action is due to be dismissed for a number of reasons.  They contend that he has failed to exhaust his administrative remedies, has abused the judicial process, and has accrued three strikes under 28 U.S.C. § 1915(g).  (Def.'s Mot. to Dismiss 2; ECF No. 24.)    Because the Court finds that Plaintiff has abused the judicial process, Defendants remaining contentions are not discussed herein.

## DISCUSSION

**I.    Abuse of Judicial Process**

Defendants contend that Plaintiff has abused the judicial process by failing to answer truthfully on the Section 1983 complaint form filed on June 20, 2013.  (Def.'s Mot. 10-12.)  Defendants show that in his § 1983 Complaint, Plaintiff checked "Yes" in response to questions four and six regarding previous lawsuits, [2] and disclosed one suit, but failed to disclose a number of other suits that he filed in federal courts.  (*Id.* at 10-11.)  Defendants show that Plaintiff has in fact filed at least six other[3] prior lawsuits during his

---

[2]    Question four reads: "Other than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in any federal or state court dealing with the SAME FACTS involved in this lawsuit or otherwise related to your imprisonment." (Compl. 2) (emphasis in original.)  Question six reads: Have you ever submitted a lawsuit for filing in any federal or state court dealing with facts OTHER THAN those involved in this lawsuit." (Compl. 2) (emphasis in original.)

[3]    The Court does not include the cases listed by Defendants which were consolidated with case number 1:12-CV-2251 filed in the Northern District of Georgia because Plaintiff did disclose that case.  However, the Court's determination that Plaintiff abused the judicial process

2

incarceration.  (*Id*.)

"Federal courts have the inherent power to impose sanctions on parties, but the court must make a finding of bad faith on the part of the litigant before imposing such sanctions."  *In re Sunshine Jr. Stores, Inc.,* 456 F.3d 1291, 1304 (11th Cir. 2006).  A party engages in bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order."  *Id.*  The Eleventh Circuit has previously approved dismissal without prejudice as an appropriate sanction in very similar circumstances.  *See e.g. Young v. Sec'y. Fla. for Dep't of Corr.,* 380 F. App'x. 939 (11th Cir.2010) (affirming dismissal of civil rights case pursuant to § 1915(e)(2)(B)(i) based on plaintiffs failure to disclose prior litigation); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221 (11th Cir. 2011) ("a district court may impose sanctions if a party knowingly files a pleading that contains false contentions").

After reviewing the pleadings and responsive briefs of the parties, the Court finds that Plaintiff has engaged in bad faith by failing to disclose these prior lawsuits when clearly asked on the section 1983 complaint form.  Plaintiff's response makes only a very brief mention of the allegations in the motion to dismiss and focuses mostly on Defendants' motion to stay discovery.  (Pl.'s Br.  3, ECF No. 28.)  Plaintiff accuses Defendants' counsel of "shift[ing] the attention elsewhere" with the arguments regarding failure to disclose his litigation history.  (*Id*.)  His other statements could be read to imply that Plaintiff did not fully understand the significance of Defendants' motion.  (*See id.* "[T]he only suit Plaintiff had going was (2251) [sic] and the rest the other District Courts

---

does not change when it considers that Plaintiff failed to disclose six rather than nine cases.

have under control.")  "However, a defendant's *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Young*, 380 F. App'x at 940-41; *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) (stating that the Court had "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

Plaintiff's response shows that he knew about these lawsuits, and regardless of whether he understood the significance of the questions on the section 1983 complaint form or of Defendants' motion, he chose not to disclose the lawsuits to the Court. The Court therefore finds that Plaintiff has engaged in bad faith and has abused the judicial process. Accordingly, it is recommended that Plaintiff's complaint be dismissed without prejudice.

## II.    Application of 28 U.S.C. § 1915(g)

The Court does not reach the issue presented by Defendants of whether Plaintiff has accrued three or more strikes under 28 U.S.C. § 1915(g). However, the Court determines that its decision in this case is a strike for purposes of § 1915(g). *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) ("Although the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).")

## CONCLUSION

WHEREFORE, it is hereby RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 24) be GRANTED. Under 28 U.S.C. § 636(b)(1), the parties may file

objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 21st day of January, 2014.

/s/ Stephen Hyles<br>UNITED STATES MAGISTRATE JUDGE